IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANIE L. MCCURDY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 04-86 |
| | ) |
| ECHOSTAR COMMUNICATIONS CORPORATION, | ) |
| a/k/a ECHOSTAR SATELLITE CORPORATION, and | ) |
| a/k/a ECHOSPHERE CORPORATION, | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

# OPINION and ORDER OF COURT

The factual and procedural details of this case are well known to the parties, and I need not repeat them in detail here. In short, Plaintiff, Janie McCurdy ("Plaintiff"), initiated this action against her former employer, Defendant Echostar Communications Corporation ("Defendant" or "Echostar"), alleging discriminatory treatment in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA") and the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.* ("PHRA"), as well as conduct in violation of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA") and the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.*("ERISA").[1]

---

[1] In her Amended Complaint, Plaintiff also alleged that she was wrongfully discharged in retaliation for attempting to exercise rights under Pennsylvania's Wage Payment and

Pending are two Motions in Limine filed by Plaintiff. (Docket Nos. 81-82). Defendant opposes Plaintiff's Motions. (Docket Nos. 104-105). The Motions are now ripe for review, and I have considered them in light of the appropriate evidentiary standards. After careful consideration, the Motions in Limine are granted in part and denied in part as set forth more fully below.

## I. EVIDENCE THAT PLAINTIFF FAILED TO MITIGATE HER DAMAGES

Plaintiff has moved to preclude Defendant from offering at trial any evidence or argument that Plaintiff failed to mitigate her damages. (Docket No. 81). Plaintiff argues that she has elected to limit her claim for economic losses to six months of lost disability benefits and will not present a wage loss claim at trial. Therefore, Plaintiff contends, evidence on mitigation is irrelevant to any issue in this case. This portion of Plaintiff's Motion in Limine is granted. I agree with Plaintiff, and Defendant does not dispute, that because Plaintiff has elected not to pursue a wage loss claim, mitigation is no longer an issue in the case. Thus, evidence offered to show that Plaintiff failed to mitigate her wage loss damages is irrelevant and inadmissible at trial. See Fed. R. Evid. 401, 402.

My decision granting Plaintiff's Motion, however, is strictly limited to the mitigation issue. Although the body of Plaintiff's motion mentions several specific

---

Collection Law. I dismissed this count on June 28, 2004. (Docket No. 17). In addition, on August 11, 2005, I granted Defendant's Summary Judgment on the issue of whether Plaintiff had an "actual disability" under the ADA and/or PHRA (Docket No. 74). I denied Defendant's summary judgment motion on the issue of perceived disability and in all other respects. Id.

items as examples of evidence Plaintiff wants excluded as evidence for any purpose,[2] the motion itself as well as the proposed order are directed solely to the issue of <u>mitigation of damages</u>. As Defendant points out in its Response (Docket No. 105), the specific evidence Plaintiff cites may be relevant to issues other than failure to mitigate. Whether or not Defendant's arguments in this regard are correct is an issue better left for decision at trial.

In short, Plaintiff's Motion in Limine is granted to the extent it seeks to preclude argument or evidence at trial that Plaintiff failed to mitigate her damages.[3] To the extent Defendant argues that specific pieces of evidence are admissible for purposes other than mitigation, I will consider such evidence and objections thereto at the time of trial.

## II. **PLAINTIFF'S RECEIPT OF SOCIAL WELFARE BENEFITS**

Plaintiff has moved to preclude Defendant from offering at trial any evidence or argument that Plaintiff collected any form of social welfare benefit, such as food stamps, cash assistance and/or medical assistance, following her termination from employment. (Docket No. 82). Plaintiff argues that such evidence

---

[2] For example, Plaintiff indicates that she expects Defendant "will attempt to elicit testimony that Defendant offered to reinstate Plaintiff several months after she filed her lawsuit and that Plaintiff rejected that offer, that Plaintiff did not fill out any employment applications or telephone prospective employers, and so on." Pl.'s Motion at 2. Plaintiff argues that such evidence could only be offered for purposes of proving failure to mitigate and, thus, is irrelevant. She also contends that such evidence would cause her substantial prejudice and waste the jury's time. <u>Id.</u> Plaintiff did not file a brief in support of her five-paragraph Motion or otherwise elaborate on her theory as to why such evidence is inadmissible for any purpose.

[3] By "damages," I refer only to Plaintiff's abandoned claim for wage loss. I make no ruling at this time with respect to the relevance of any specific piece of evidence to Plaintiff's claims for compensatory or punitive damages.

is irrelevant and that, even if relevant, any probative value is substantially outweighed by the danger of unfair prejudice to Plaintiff. As with her Motion in Limine to exclude mitigation evidence, Plaintiff did not file a brief in support of this five-paragraph Motion.

Plaintiff's Motion is granted to the extent Defendant intends to introduce evidence of Plaintiff's social welfare benefits to off-set Plaintiff's wage loss. As set forth above, Plaintiff has elected not to pursue her wage loss claim. In addition, social welfare benefits such as food stamps and other welfare programs are "collateral source" benefits that may not be set off against back pay. See Maxfield v. Sinclair Int'l, 766 F.2d 788, 793-94 (3d Cir. 1985); Quint v. A.E. Staley Mfg. Co., 172 F.3d 1 (1st Cir. 1999). Thus, Plaintiff's receipt of social welfare benefits is irrelevant in this regard.

Again, however, I am unable to rule at this stage that evidence of Plaintiff's social welfare benefits is inadmissible for all other purposes.[4] To the extent Defendant seeks to introduce evidence of Plaintiff's receipt of social welfare benefits for purposes other than establishing Plaintiff's wage loss, I will consider such evidence and objections thereto at the time of trial.

*******************************

---

[4] Defendant argues that evidence of Plaintiff's social welfare benefits is relevant to Plaintiff's claims for compensatory and punitive damages as well as Plaintiff's ERISA claim. See Docket No. 104. Plaintiff does not specifically address these issues in her Motion.

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANIE L. MCCURDY, | ) |
|     Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 04-86 |
| ECHOSTAR COMMUNICATIONS CORPORATION, | ) |
| a/k/a ECHOSTAR SATELLITE CORPORATION, and | ) |
| a/k/a ECHOSPHERE CORPORATION, | ) |
| | ) |
|     Defendant. | ) |

AMBROSE, Chief District Judge.

## ORDER OF COURT

AND NOW, this **23rd** day of February, 2006, upon consideration of Plaintiff's Motions in Limine (Docket Nos. 81-82), it is ORDERED that Plaintiff's Motion in Limine to Preclude Argument or Evidence That Plaintiff Failed to Mitigate Her Damages (Docket No. 81) and Plaintiff's Motion in Limine to Preclude Evidence or Argument Pertaining to Plaintiff's Receipt of Social Welfare Benefits (Docket No. 82) are GRANTED in part and DENIED in part as set forth more fully in the Opinion accompanying this Order.

BY THE COURT:


/S/  Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge

5