IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANIE L. MCCURDY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 04-86 |
| | ) |
| ECHOSTAR COMMUNICATIONS CORPORATION, | ) |
| a/k/a ECHOSTAR SATELLITE CORPORATION, | ) |
| a/k/a ECHOSPHERE CORPORATION, | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

# OPINION and ORDER OF COURT

The factual and procedural details of this case are well known to the parties, and I need not repeat them in detail here. In short, Plaintiff, Janie McCurdy ("Plaintiff"), initiated this action against her former employer, Defendant Echostar Communications Corporation ("Defendant" or "Echostar"), alleging discriminatory treatment in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA") and the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.* ("PHRA"), as well as conduct in violation of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA") and the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.*("ERISA").[1]

---

[1] In her Amended Complaint, Plaintiff also alleged that she was wrongfully discharged in retaliation for attempting to exercise rights under Pennsylvania's Wage Payment and Collection Law. I dismissed this count on June 28, 2004. (Docket No. 17). In addition, on August 11, 2005, I granted Defendant's Summary Judgment on the issue of whether Plaintiff had an "actual

Pending is Plaintiff's Second Request for Mandatory Judicial Notice Under Fed. R. Evid. 201(d). (Docket No. 85). Defendant opposes Plaintiff's Request. (Docket No. 106). The Request is now ripe for review. After careful consideration, Plaintiff's Request is denied.

Federal Rule of Evidence 201 governs judicial notice. Rule 201 provides as follows:

> (a) **Scope of rule.** This rule governs only judicial notice of adjudicative facts.
>
> (b) **Kinds of facts.** A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.
>
> (c) **When discretionary.** A court may take judicial notice, whether requested or not.
>
> (d) **When mandatory.** A court shall take judicial notice if requested by a party and supplied with the necessary information.
>
> (e) **Opportunity to be heard.** A party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed. In the absence of prior notification, the request may be made after judicial notice has been taken.
>
> (f) **Time of taking notice.** Judicial notice may be taken at any

---

disability" under the ADA and/or PHRA (Docket No. 74). I denied Defendant's summary judgment motion on the issue of perceived disability and in all other respects. Id.

>   stage of the proceeding.
>
>   (g) **Instructing jury.** In a civil action or proceeding, the court shall instruct the jury to accept as conclusive any fact judicially noticed. In a criminal case, the court shall instruct the jury that it may, but is not required to, accept as conclusive any fact judicially noticed.

Fed. R. Evid. 201.  The Advisory Committee Notes for Rule 201 state that "[w]ith respect to judicial notice of adjudicative facts, the tradition has been one of caution in requiring that the matter be beyond reasonable controversy," and that "[a] high degree of indisputability is an essential prerequisite."  "Because the effect of judicial notice is to deprive a party of the opportunity to use rebuttal evidence, cross-examination, and argument to attack contrary evidence, caution must be used in determining that a fact is beyond controversy under Rule 201(b)."  Wright v. Brooke Group Ltd., 114 F. Supp. 2d 797, 816 (N.D. Iowa 2000).

In her current Request, Plaintiff asks me to take mandatory judicial notice of two categories of "facts" regarding breast cancer.[2]  The first category relates to Plaintiff's own breast cancer.  Specifically, Plaintiff asks me to judicially notice that she "suffered from metastatic breast cancer at the time Defendant terminated her employment on or about October 4, 2002."  Pl.'s Request ¶ 1.  She follows this request with a litany of alleged facts regarding her cancer diagnosis and medical treatment.  Id. first ¶ 2.[3]  As support for these "facts," Plaintiff cites to her medical

---

[2] At the summary judgment stage, I judicially noticed nine dictionary definitions of cancer at Plaintiff's request.  (Docket Nos. 51, 74).  Defendant did not object to that portion of Plaintiff's First Request, and those facts remain judicially noticed.

[3] Plaintiff's Request contains two paragraphs labeled number 2.  I refer to those paragraphs herein as "first ¶ 2" and "second ¶ 2."

3

records as well as the "medical facts discussed by this Court at pp. 12-13 of its August 11, 2005 Opinion and Order of Court." Id.

This portion of Plaintiff's Request is denied. The alleged "facts" set forth in paragraph 1 and first paragraph 2 of Plaintiff's Request concern medical opinions, diagnoses, and other facts regarding Plaintiff's medical condition and treatment that are disputed by Defendant. See Def.'s Brief in Opposition (Docket No. 106). In addition, the accuracy of Plaintiff's medical records (the source of these facts) is not beyond question.[4] For these reasons, judicial notice of these "facts" is inappropriate. See Fed. R. Evid. 201(b); Southmark Prime Plus, L.P. v. Falzone, 776 F. Supp. 888, 893 (D. Del. 1991).

The second group of "facts" set forth in Plaintiff's Request are statements concerning cancer in general, Pl.'s Request second ¶ 2 - ¶ 8, and breast cancer in general, id. ¶¶ 9-16. As sources for these proposed "facts," Plaintiff cites to segments of the National Cancer Institute's website, entitled, respectively, "Understanding Cancer" and "What You Need to Know About Breast Cancer." Id. at 3-4, nn.1-2.

This portion of Plaintiff's Request is denied, without prejudice. As set forth in Rule 201(b), judicial notice is appropriate only with respect to "adjudicative" facts. By definition, adjudicative facts must be relevant. U.S. v. Larouche, No. 92-6701, 1993 WL 358525, at *4 (4th Cir. Sept. 13, 1993) (citing 21 Charles A. Wright & Kenneth W. Graham, Jr., Federal Practice and Procedure § 5104); see also U.S. v. Mitchell, 365 F.3d

---

[4] To the extent these "facts" were set forth in my Opinion deciding the parties' summary judgment motions (Docket No. 74), those facts were viewed in the light most favorable to Plaintiff.

215, 252 (3d Cir. 2004); Duckett v. Godinez, 67 F.3d 734, 741 (9th Cir. 1995). Here, Plaintiff has not addressed the relevance of the facts at issue to her claims. Moreover, as Defendant points out in its opposition, the relevance of the "facts" is not apparent from the face of the statements and, if anything, is highly questionable. As an initial matter, none of the alleged facts pertain specifically to Plaintiff or speak to Plaintiff's own breast cancer diagnosis or treatment. Similarly, many of the statements refer to mere possibilities regarding cancer that may or may not apply to Plaintiff's situation. See, e.g., Pl.'s Request ¶ 12 (". . . women with breast cancer may have treatment to control pain and other symptoms of the cancer, to relieve the side effects of the treatment, and to ease emotional problems. . . ."); ¶ 14 (". . . . Removal of a breast can cause a woman to feel off-balance, especially if she has large breasts. . . ."); ¶ 15 (after removal of the lymph nodes under the arm, lymph "fluid may then build up in the arm and hand and cause swelling . . . .) (emphasis added).

Because Plaintiff has not established the relevance of the "facts" proposed in second ¶ 2 through ¶ 16 of her Request, and the relevance of those facts is not readily apparent, Plaintiff's Request that I judicially notice these "facts" is denied, without prejudice to Plaintiff's ability to renew her request upon a showing of relevance at trial. See Fed. R. Evid. 201(f) ("Judicial notice may be taken at any stage of the proceeding.").

5

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANIE L. MCCURDY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | )   Civil Action No.  04-86 |
| | ) |
| ECHOSTAR COMMUNICATIONS CORPORATION, | ) |
| a/k/a ECHOSTAR SATELLITE CORPORATION, | ) |
| a/k/a ECHOSPHERE CORPORATION, | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

## ORDER OF COURT

AND NOW, this **28th** of February, 2006, it is Ordered that Plaintiff's Second Request for Mandatory Judicial Notice Under Fed. R. Evid. 201(d) (Docket No. 85) is Denied.

.

BY THE COURT:

/S/  Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge